UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YESH SACHVEDA et al., <br><br> Plaintiffs, <br><br> v. <br><br> WEST CONCORD POST OFFICE, <br><br> Defendant. | Civil Action No. |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
<u>MOTION TO SET ASIDE DEFAULT JUDGMENT</u>**

Pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), Defendant United States Postal Service, West Concord Post Office ("USPS") respectfully moves this Court to set aside the default judgment entered against it by the Concord District Court of Massachusetts (Small Claims Magistrate Session). In support of this motion, Defendant states as follows:

1. On March 22, 2021, Plaintiffs Yesh and Meena Sachdeva commenced a small claims action against Defendant in the Concord District Court of Massachusetts. Plaintiffs allege that they mailed a package of documents by priority mail to Canada, but "[t]he package did not reach[]" the intended address. Complaint at 2 (ECF No. 1-1). As a result, Plaintiffs claim that Defendant owes them "$360 for the papers/documents." *Id.*

2. Although the Statement of Small Claim and Notice of Trial was mailed to the West Concord Post Office, neither the U.S. Attorney's Office for the District of Massachusetts nor the Attorney General of the United States was served with process.

3. On September 22, 2021, the Concord District Court (Small Claims Magistrate Session) entered a default judgment against Defendant for having "failed to appear." State Court Docket (ECF No. 1-2).

4. On January 21, 2022, Defendant removed the action to this Court. *See* Notice of Removal (ECF No. 1).

5. Once an action has been removed from state court, "[t]he case will proceed as if it originally had been brought in the federal court" and "be governed by the Federal Rules of Civil Procedure." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3738 (Rev. 4th ed. 2021); *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court"); *Smith v. Bayer Corp.*, 564 U.S. 299, 304 n.2 (2011) ("federal procedural rules govern a case that has been removed to federal court").

6. Thus, following removal, federal district courts have authority—pursuant to the Federal Rules of Civil Procedure—to set aside a default judgment entered by the state court before removal. *See, e.g.*, *Tiburcio v. United States*, No. 10-11655-JLT, 2011 WL 1134239, at *1 (D. Mass. Mar. 28, 2011) (setting aside default judgment entered against defendant before removal "[b]ecause the state court did not have jurisdiction over this matter"); *Kizer v. Sherwood*, 311 F. Supp. 809, 811 (M.D. Pa. 1970) ("it is within the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case"); *Schmalbach v. United States*, No. 16-182, 2017 WL 1130027, at *1 (W.D. Mich. Mar. 27, 2017) (setting aside default judgment entered against USPS in state small claims court prior to removal, stating "[a] state court judgment subject to being set aside in state court before removal remains 'subject to the same hazard in federal court after removal'" (citation omitted)); *Marks v. Blount-Lee*, No. 16-3524, 2017 WL 3098094, at *3 (E.D.N.Y. July 20, 2017) ("this Court necessarily has the power to vacate the default judgment that the state court previously entered"); *Burgos v. Kuzo*, No. 20-06421-JMG, 2021 WL 3145738, at *2 (E.D. Pa. July 26, 2021) ("removal was still permissible even after judgment was entered below").

7. Federal Rule of Civil Procedure 55(c) states that a district court "may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

8. Federal Rule of Civil Procedure 60(b), in turn, provides that "the court may relieve a party or its legal representative from a final judgment" for certain specified reasons—including that "the judgment is void." Fed. R. Civ. P. 60(b)(4).

9. "A judgment is void, and therefore subject to relief under Rule 60(b)(4) . . . if the court that rendered judgment lacked jurisdiction." *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990); *see also, e.g.*, *Tiburcio*, 2011 WL 1134239, at *1 ("In a case in which the government has not waived sovereign immunity, the court does not have jurisdiction, and any decision issued by that court is void" and thus "subject to relief of judgment"); *Marks*, 2017 WL 3098094, at *3 ("If a court lacks subject matter jurisdiction to adjudicate a claim, then any order entered by that court is void"); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2862 (3d ed. 2004) (a judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter").

10. As will be further explained in Defendant's forthcoming motion to dismiss, the state court that entered the default judgment against Defendant lacked subject matter jurisdiction over Plaintiffs' complaint. It is well-settled that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies"—such as USPS—"from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) ("the Postal Service enjoys federal sovereign immunity absent a waiver"). And although the Federal Tort Claims Act (FTCA) waives sovereign immunity for certain claims based on "loss of property," 28 U.S.C. § 1346(b)(1), the statute also provides that the government retains sovereign immunity and thus cannot be sued for damages claims based on lost mail. 28 U.S.C. § 2680(b) (stating that

the FTCA's waiver of sovereign immunity "shall not apply" to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter"); *see also Bahiakina v. U.S. Postal Serv.*, 102 F.Supp.3d 369, 372 (D. Mass. 2015) ("federal courts lack subject matter jurisdiction over tort claims against the Postal Service for lost (or damaged) mail").

11. Here, Plaintiffs seek damages based solely on their allegation that USPS lost a package of papers that Plaintiffs mailed to Canada. *See* Complaint (ECF No. 1-1). The United States has not, however, waived its sovereign immunity for such claims. The state court therefore lacked jurisdiction over Plaintiffs' suit.

12. Because the state court lacked subject matter jurisdiction over this action, the default judgment that it entered is void. This Court should therefore set aside the default judgment pursuant to Rule 60(b). *See, e.g.*, *Tiburcio*, 2011 WL 1134239, at *1 ("Because the state court did not have jurisdiction over this matter, the state court's Default Order is void . . . [t]his court therefore sets aside the default judgment that was entered against [defendant]"); *Marks*, 2017 WL 3098094, at *4 ("Because the state court lacked subject matter jurisdiction to enter a default judgment against [defendant] . . . the Court sets aside the default judgment against [defendant] as void").

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

Dated: January 21, 2022   By:   */s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210

(617) 748-3266<br>
michael.fitzgerald2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was served by FedEx upon the Plaintiff at the following address:

Yesh and Meena Sachdeva
324 Hayward Mill Rd.
Concord, MA 01742
(978) 831-7140

*/s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant U.S. Attorney

Dated: January 21, 2022